**DIGITAL CONTROL INCORPO-
RATED, a Washington cor-
poration, Plaintiff,**

v.

**McLAUGHLIN MANUFACTURING
CO., INC., a Delaware corporation,
Defendant.**

No. C01–985P.

United States District Court,
W.D. Washington,
At Seattle.

Dec. 20, 2002.

Paul T. Meiklejohn, Brian C. Park, Dorsey & Whitney LLP, Seattle, WA, Aaron Keyt, Renton, WA, for Plaintiff.

Stuart R. Dunwoody, Bruce A. Kaser, Davis Wright Tremaine LLP, Seattle, WA, Steven E. farrar, Leatherwood Walker Todd & Mann, PC, Greenville, SC, for Defendant.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON 35 U.S.C. § 112 AFFIRMATIVE DEFENSES

PECHMAN, District Judge.

Plaintiff moves for summary judgment on Defendant's affirmative defenses under 35 U.S.C. § 112, which state that Plaintiff has failed to disclose the invention and state definite claims in the patents at issue. (Dkt. No. 130.) Plaintiff also protests that Defendant failed to reveal the substance of the § 112 defenses before this motion, and argues that the Court should strike these affirmative defenses. Defendant responds by asserting the following specific affirmative defenses: (1) Claims 14, 16, and 18 of U.S. Patent No. 5,633,589 ("the '589 patent") are indefinite; (2) Failure to meet the written description or enablement requirement invalidates Claims 1, 5, and 6 of U.S. Patent No. 5,926,025 ("the '025 patent"); (3) Failure to meet the written description or enablement requirement invalidates Claims 4 and 6–14 of U.S. Patent No. 6,002,258 ("the '258 patent"); (4) Failure to meet the written description or enablement requirement invalidates Claims 1, 2, 4–8, and 10 of U.S. Patent No. 6,057,687 ("the '687 patent"). Having considered the submissions of the parties and oral argument on the matter, the Court GRANTS Plaintiff's motion in part and DENIES it in part. Specifically:

1. Plaintiff's request to strike or enjoin § 112 defenses is DENIED.

2. Plaintiff's motion is GRANTED on Claims 14, 16, and 18 of the '589 patent because Defendant fails to raise a genuine issue of material fact regarding indefiniteness.

3. The Court GRANTS Plaintiff's motion on the written description or enablement requirement on Claims 1, 5, and 6 of the '025 Patent as Defendant fails to raise a genuine issue of material fact regarding the written description and embodiment requirements.

4. Plaintiff's motion on the '258 patent claims is GRANTED, since there is no issue of fact on whether the writ-

ten description and embodiment requirements are met.

5. The Court DENIES Plaintiff's motion on the written description or enablement requirement on Claims 1, 2, 4–8, and 10 of the '687 patent, as Defendant's expert raises a fact issue.

## BACKGROUND

This case involves patents of a device that drills holes for cable, water, and other utility lines underground, without requiring the opening of deep, above-ground trenches. This technology is known as horizontal directional drilling ("HDD"), or trenchless locating. This Court previously ruled that Defendant's Spot–D–Tek IV device infringes seven claims of four patents. Defendant has asserted a number of affirmative defenses to infringement, and here Plaintiff moves for summary judgment on affirmative defenses asserted under 35 U.S.C. § 112.

## ANALYSIS

This matter is before the Court on summary judgment. The Court grants summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Because patents are presumed valid under 35 U.S.C. § 282, Defendant bears the burden of proof at trial to show patent invalidity. Where the nonmoving party bears the burden of proof, it must present evidence that establishes a genuine issue of material fact. *Id.* 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "[S]ummary judgment is as appropriate in a patent case as in any other." *Avia Group Int'l v. L.A. Gear California, Inc.,* 853 F.2d 1557, 1561 (Fed.Cir.1988).

### I. Plaintiff's Request that Defendant's § 112 Defenses be Stricken and/or Enjoined

As an initial matter, the Court addresses Plaintiff's motion to strike all § 112 affirmative defenses on procedural grounds. On April 25, 2002, the Court issued a minute order to the parties to file a litigation plan. On May 2, 2002, the parties submitted a litigation plan in which they agreed on the manner in which they would present this matter to the Court, with the exception of expert reports, on which the parties could not agree. The parties submitted different proposals on conducting expert discovery for the Court to decide. By minute order dated July 1, 2002, the Court adopted Plaintiff's litigation plan. Under the terms of the litigation plan, Plaintiff was to disclose their litigated claims by July 1, 2002. In the litigation plan, DCI states that they "expect to limit the claims so asserted to about 20–30 claims." Litigation Plan at 4. By August 1, 2002, Defendant was then to disclose their noninfringement and invalidity contentions. Defendant was to provide "a description of the basis on which McLaughlin asserts that any claim contained in DCI's [disclosure] ... is invalid for reasons other than anticipation or obviousness." *Id.* at 6. Amendments or modifications of disclosures after the established date was to be only for good cause. *Id.*

### A. Request to Strike Affirmative Defenses

■ Plaintiff argues that Defendant's affirmative defenses under § 112 should be stricken for failure to comply with the litigation plan. Pursuant to the litigation plan, Defendant provided a list of broad allegations of § 112 defenses on seven patents, specifying the legal grounds for the defenses under § 112—for example, the lack of a sufficient written description of

the invention—but not the factual basis for the legal arguments. (Pl.'s Mot. at 4; Pl.'s Mot. Ex. 5). The litigation plan, as noted above, requires a "description of the basis" of the defense. Plaintiff argues that Defendant was required by the litigation plan to disclose the *factual basis* for the § 112 defenses, not just the legal ground. Defendant responds that the Litigation Plan was not an order, and therefore does not bind the parties. Defendant also places the blame for failure to provide a factual basis on Plaintiff, since Plaintiff decided to litigate 81 claims, not the 20–30 they indicated to the Court that they would prosecute. Additionally, Defendant argues that Plaintiff's remedy is not striking affirmative defenses without prior warning, but rather a motion to compel. Only after noncompliance with a motion to compel, Defendant contends, should the Court entertain a motion for sanctions.

The litigation plan is binding and is an order of the Court. Both parties signed and submitted the plan to the Court at the Court's direction. The Court ruled on the single disputed aspect of the litigation plan, expert discovery. Even though Defendant may not have fully complied with this Court's order by failing to disclose the factual basis for their § 112 defenses, the Court considers striking all defenses to be both premature and overly harsh. Plaintiff did not move to compel in response to the insufficient production, but instead filed a motion to strike and/or for summary judgment. In their Response, Defendant produced the factual basis of the § 112 defenses that they intend to litigate. The Court will not strike all § 112 defenses on this record. Plaintiff's request to strike § 112 affirmative defenses is DENIED.

### B. Request to Enjoin Alternative Defenses

■ Alternatively, Plaintiff asks the Court to enjoin Defendant from raising any § 112 defense besides those asserted in Defendant's Response brief. Plaintiff is specifically concerned that Defendant may assert a new § 112 defense for the first time at trial. (Pl.'s Reply at 4.) The Court considers that this summary judgment motion largely addresses Plaintiff's concern. In this summary judgment motion, Plaintiff argues that Defendant cannot meet its burden of raising a genuine issue of material fact on any of the § 112 defenses disclosed because Defendant failed to provide a factual basis for the asserted defenses. (Pl.'s Mot. Ex. 5.) Under the summary judgment standard, Defendant has the burden of raising a genuine issue of material fact in response on each disclosed defense. To the extent that Defendant abandons disclosed affirmative defenses on summary judgment—for example, the "best mode" defenses—Defendant concedes summary judgment. Nonetheless, the Litigation Plan states that amendments may be made for good cause. Although it may be unlikely that Defendant could show good cause for a new affirmative defense at this late point in the litigation, this does not mean that amendments to Defendant's disclosures are completely precluded. Accordingly, Plaintiff's request to preclude additional § 112 defenses is DENIED.

### II. Defendant's Affirmative Defenses under § 112

■ The statute at issue, 35 U.S.C. § 112, sets standards for the contents of a patent specification and claims.

The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set

forth the best mode contemplated by the inventor of carrying out his invention. The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

The first paragraph of § 112 sets out the written description and enablement requirements. The written description "must clearly allow persons of ordinary skill in the art to recognize that he or she invented what is claimed." *Wang Laboratories, Inc. v. Toshiba Corp.*, 993 F.2d 858, 865 (Fed.Cir.1993). Whether the description requirement has been satisfied is a question of fact. *Waldemar Link v. Osteonics Corp.*, 32 F.3d 556, 558 (Fed.Cir. 1994). Enablement requires that the application contain a description that enables one skilled in the art to make and use the claimed invention. *Fiers v. Revel*, 984 F.2d 1164, 1171 (Fed.Cir.1993). Enablement is a question of law. *Id.*

■ The second paragraph of § 112 outlines a definiteness requirement. "Whether a claim is invalid for indefiniteness requires a determination whether those skilled in the art would understand what is claimed when the claim is read in light of the specification." *Morton Int'l v. Cardinal Chem. Co.*, 5 F.3d 1464, 1470 (Fed.Cir.1993). Definiteness is a question of law. *Credle v. Bond*, 25 F.3d 1566, 1576 (Fed.Cir.1994).

### A. Indefiniteness of Claims 14, 16, and 18 of the '589 patent

■ The '589 patent relates to the HDD invention of a monitor that locates an underground boring tool head which transmits an electromagnetic signal. '589 patent, col. 6, ll. 17–20. Independent Claim 14 defines the invention as follows:

A transmitter assembly comprising a hollow, elongated housing having opposite ends and defining an elongation axis and a chamber within the housing and a transmitter having an elongated antenna which is shorter in length than said housing, which is positioned within the housing chamber in substantially parallel relationship with said elongation axis and which is capable of generating a magnetic field signal within the chamber for transmission through the housing and outside the latter, the housing being formed of a body of durable, electrically conductive material such that the generation of said magnetic field signal within the housing chamber induces a current within the housing body along a path circumferentially around the elongation axis which in turn results in a magnet field counter to the generated magnetic field signal, said housing being sized and configured to enclose the antenna within the chamber such that the ends of the antenna are spaced inwardly with respect to the corresponding ends of the housing, said housing defining at least two circumferentially spaced apart elongated apertures which extend generally along the length of the housing entirely through the housing body into the chamber, said apertures stopping short of the ends of the housing but extending beyond the ends of the antenna such that an electrically conductive path circumferentially around the housing surface is lengthened from what it would be if the housing were solid and the induction of said magnetic field counter to the transmitted signal is reduced from what it would have been if the housing were solid without substantially diminishing the durability of the housing body.

Claims 16 and 18 are dependent on Claim 14. *Id.* col. 28, ll. 21–30. Defendant argues that these three claims are indefinite.

■ Defendant's first argument on indefiniteness arises from deposition questioning. During deposition, Defendant asked Plaintiff's president a question using many of the terms in the claim at issue:

"On those Vermeer housings, have you done any tests to see if the generation of a magnetic filed signal within the housing chamber would induce the current within the housing body along a path circumferentially along the elongation axis." (Mercer Dep. at 194.) Plaintiff's lawyer objected to form of the question, saying, "It's incomprehensible." (*Id.*) Defendant contends that this is an admission that the claim is indefinite. This argument is unpersuasive. An objection to a poorly worded question does not provide evidence of invalidity for indefiniteness. Furthermore, the question was rephrased and answered. (*Id.* 194–95.)

Defendant also contends that the term "aperture" in Claim 14 is indefinite. The term "aperture" is used to describe openings in the housing which contains the transmitter. These openings allow for the electromagnetic signal to exit the housing and communicate with the receiver. Defendant argues that "apertures" cannot be meaningfully distinguished from "windows," which are prior art. '589 patent, cols. 5–6, ll. 44–4. If the aperture is a window. Defendant maintains, it is invalid as prior art. If an aperture is a slot, then it is indistinguishable from a window, and therefore indefinite and invalid under § 112.

■ The written specification of the '589 patent describes the difference between a "slot" and a "window" and specifically disclaims the "windows" prior art. The slots are "more narrow" and "elongated"—particular tested measurements are detailed in the specification and improve on the disclaimed windows: "Slot(s) 280 need only be wide enough to disrupt current 274 flow. Such narrow gap(s) do not readily allow debris penetration and are easily filled to prevent water intrusion." '589 patent, col. 18, ll. 5–45; cols. 5–6, ll. 44–4. Where the specification makes clear that the invention does not include a particular

feature, that feature is deemed to be outside the reach of the claims of the patent. *SciMed Life Systems v. Advanced Cardiovascular Sys.*, 242 F.3d 1337, 1341 (Fed. Cir.2001). Defendant fails to raise a genuine issue of material fact regarding the indefiniteness of Claims 14, 16, and 18 of the '589 patent.

### B. Written Description or Enablement Requirement and Claims 1, 5, and 6 of the '025 Patent

■ The '025 patent describes a method of finding an above-ground point in relation to an in-ground boring tool. Defendant alleges that Claim 1, and dependent Claims 5 and 6, of the '025 patent are invalid because there is no written description or enablement of these provisions as required under § 112. At issue is subpart (b) of Claim 1, which claims:

A method of finding a point on the ground related to the position of a generally horizontally extending dipole magnetic field transmitter ... said method comprising the steps of ...

(b) moving said locating receiver above the ground at a predetermined orientation and within a first vertical receiver plane transverse to the vertical transmitter plane containing the axis of said transmitter either ahead of or behind the transmitter with respect to its general direction of movement so as to cause said receiver to produce successively first, second and third signals at certain respective first, second and third locations within said first receiver plane.

'025 patent, cols. 25–26, ll. 32–10.

Defendant bases their contention of failure to provide a written description or enablement solely on the conclusion of their expert Phillip Walters. Mr. Walters states that the specification does not teach how to use the receiver as described in Claim 1(b). The entirety of his declaration regarding the '025 patent is as follows:

Claim 1 of the '025 patent calls for a receiver that produces "successively first, second, and third signals at certain respective first, second, and third locations within said first receiver plane." Based on my review of the specification of the '025 patent, nowhere can I find any description that would teach a skilled person how to take the receiver described in the '025 patent and cause it to produce successively first, second, and third signals at first, second, and third locations within a first receiver plane. For at least this reason, the patent specification does not have either adequate description or enablement of the subject matter of claim 1 of the '025 patent.

Walters Decl. ¶ 6. While the specification details a number of methods of using the device to obtain location points, Mr. Walters does not provide the factual basis for his conclusion or point to any specific provision of the specification that is lacking.

 Mr. Walters' conclusion is belied by the instructions on using the device presented in the specification. The specification details a number of different methods of fixing positions by taking a series of measurements. '025 patent, cols. 21–24. For example, the specification describes "an expedited transmitter location process" (col. 21, ll.8–32), a "single-antenna" process (col. 24, ll. 3–14), and a "dual antenna" process (col. 23, ll.24–62). To meet their burden on summary judgment, Defendant and their expert must specifically point out how the various taught uses of the device fail to meet the § 112 requirements. It is not fatal that some experimentation is needed to use the invention, for the patent document is not intended to be a production specification. *Northern Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 941 (Fed.Cir.1990), *cert. denied,* 498 U.S. 920, 111 S.Ct. 296, 112 L.Ed.2d 250 (1990).

 Mr. Walter's mere conclusion that the '025 patent fails to meet the embodiment or written description requirement is insufficient to defeat summary judgment. In the context of a summary judgment, an expert must back up his or her opinion with specific facts. *United States v. Various Slot Machines,* 658 F.2d 697, 700 (9th Cir.1981). The object of Rule 56(c) is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Conclusory expert declarations devoid of facts upon which the conclusions were reached do not raise a genuine issue of material fact. *Arthur A. Collins, Inc. v. Northern Telecom Ltd.,* 216 F.3d 1042, 1046 (Fed.Cir.2000). In particular, an expert's conclusory allegations do not defeat summary judgment where the record clearly rebuts the inference the expert suggests. *In re Worlds of Wonder Securities Litigation,* 35 F.3d 1407, 1425–27 (9th Cir.1994), *cert. denied sub nom., Miller v. Pezzani,* 516 U.S. 868, 116 S.Ct. 185, 133 L.Ed.2d 123 (1995). Given the detailed specification that instructs on the use of the device, Mr. Walters must provide some factual basis for his conclusion, for example by pointing out the relevant provisions of the specification that fail to teach how to use the device as claimed.

Defendant fails to raise a genuine issue of material fact regarding invalidity of Claims 1, 5, and 6 of the '025 Patent for failure to comply with the written description or enablement requirements.

*C. Written Description or Enablement Requirement and Claims 4 and 6–14 of the '258 patent*

 This Court previously construed the claims of the '258 patent to cover a one-point calibration technique of an HDD locator in addition to a two-point calibra-

tion method. In the equivalent of a belated motion for reconsideration, Defendant disagrees with this claims construction, and argues that if Claims 4 and 6–14 are so construed, then they are invalid for failure to satisfy the written description or enablement requirements. Specifically, Defendant's expert Mr. Walters declares that the '258 patent describes only two-point calibration. (Walters Decl. ¶ 11, 13.)

■ Because a patentee need not disclose every possible embodiment, but just a single example, Plaintiff is not required to specifically describe the one-point method. *Spectra–Physics v. Coherent,* 827 F.2d 1524, 1533 (Fed.Cir.1987), *cert. denied,* 484 U.S. 954, 108 S.Ct. 346, 98 L.Ed.2d 372 (1987). Mr. Walters admits that one-point calibration "might be deemed inherent" with the measurement equation at issue, (Walters Decl. ¶ 13.) In his declaration, in fact, Mr. Walters describes how one-point calibration works. (*Id.* ¶ 9.) Mr. Walters' admission echoes the assertions of Plaintiff's expert. Mr. Mercer states that once a person understands two-point calibration, then they know how to carry out the simpler one-point calibration procedure. (Mercer Decl. ¶ 6.). Defendant fails to raise a genuine issue of material fact that the '258 patent is invalid for failure to satisfy the written description or enablement requirements. Defendant's contention is really not that the '258 patent is invalid under § 112, but that if the Court construes the claims to cover the allegedly well-known one-point calibration technique, then the patent is invalid because of prior art. (Walters Decl. ¶ 13.) This is a separate issue not before the Court in this motion.

*D. Written Description or Enablement Requirement and Claims 1, 2, 4–8, and 10 of the '687 patent.*

■ The relevant claims of '687 patent involve converting the HDD locator into a homing device where the boring tool is steered towards the locator. Claim 1(a)(ii), '687 patent, col. 25, ll. 48–53. Again, Defendant produces the testimony of experts, here Mr. Walters and Andrzej Regini, as evidence that the patent is invalid for failure to meet the written description or enablement requirements of § 112. Mr. Walters states that the '687 specification does not provide information on how the device works when the transmitter *passes* the homing device. (Walters Decl. ¶ 17.) Mr. Walter's criticism is irrelevant, however, because the patent does not claim to use the device in this way. (Mercer Decl. ¶ 7.) Rather, as a *homing* device, the patent claims an invention that directs steering of a boring tool *towards* the locator, not past it. Claim 1(a)(ii), '687 patent, col. 25, ll. 48–53.

Mr. Regini's declaration also states that the '687 patent does not instruct a person reasonably skilled in the art in the subject matter of the claims. Plaintiff argues that Mr. Regini makes the same critique as Mr. Walters regarding passing the homing device, and can similarly be dismissed. (Pl.'s Reply at 9.) However, Mr. Regini's criticisms go beyond Mr. Walters' declaration. Mr. Regini identifies specific portions of the patent and lays out a brief factual basis for his conclusions. Among a number of criticisms, Mr. Regini states that the patent's description fails to detail the methodology by which a pair of horizontal, orthogonally arranged antenna will process amplitude information. (Regini Decl. ¶ 6). He also argues that the instructions relating to locating in "walkover" mode will not work in homing mode for specific reasons. (*Id.* ¶ 8–9.) Plaintiff has not responded to Mr. Regini's arguments outside of the issue of when the transmitter passes the homing device. Accordingly, Defendant has raised a genuine issue of material fact regarding whether Claims 1, 2, 4–8, and 10 of the '687 patent are invalid for

failure to meet the written description or enablement requirements of § 112.

### CONCLUSION

Plaintiff's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Plaintiff's request to strike or enjoin § 112 defenses is DENIED. Plaintiff's motion is GRANTED on Claims 14, 16, and 18 of the '589 patent because Defendant fails to raise a genuine issue of material fact regarding indefiniteness. The Court GRANTS Plaintiff's motion on the written description or enablement requirement on Claims 1, 5, and 6 of the '025 Patent as Defendant fails to raise a genuine issue of material fact regarding the written description and embodiment requirements. Plaintiff's motion on the '258 patent claims is GRANTED, since there is no issue of fact on whether the written description and embodiment requirements are met. The Court DENIES Plaintiff's motion on the written description or enablement requirement on Claims 1, 2, 4–8, and 10 of the '687 patent, as Defendant's expert raises a fact issue.

The Clerk is directed to send copies of this order to all counsel of record.